UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

**ROLAND PROCTOR**,

           Petitioner,

    v.                                 Case No. 20-cv-02224 (TNM)

**PATRICIA CUSHWA, *et al.*,**

           Respondents.

---

## MEMORANDUM OPINION

Roland Proctor, proceeding *pro se*, petitioned for a writ of habeas corpus under 28 U.S.C. § 2241. *See* Pet. for Writ of Habeas Corpus ("Pet.") at 1, ECF No. 1.[1] The Court issued an order to show cause, *see* Order (Dec. 9, 2020), ECF No. 8, and the Government opposed the petition, *see* U.S. Opp'n to Def.'s Pet. ("U.S. Opp'n"), ECF No. 14.[2] The Court provided a deadline for Proctor to respond and warned him that if he did not, "the Court will issue its ruling without the benefit of [his] position." Order (Jan. 11, 2021), ECF No. 15. Proctor did not respond. For the reasons discussed below, the Court will deny Proctor's petition.[3]

---

[1] All page citations refer to the page numbers that the CM/ECF system generates.

[2] The Warden of the D.C. Department of Corrections also responded to Proctor's petition. *See* Resp't Lennard Johnson Statement to Show Cause, ECF No. 12. But as that response correctly points out, Proctor's petition centered on U.S. Parole Commission hearings and did not allege any wrongdoing on the Warden's part. *Id.* at 1. The Court's decision thus focuses on the Government's response.

[3] The Court has jurisdiction under the federal question statute. 28 U.S.C. § 1331. Although Proctor has since been moved, he was incarcerated at the D.C. Jail when he filed his petition. U.S. Opp'n at 2 n.1. The Court thus retains jurisdiction. *See Chatman-Bey v. Thornburgh*, 864 F.2d 804, 806 n.1 (D.C. Cir. 1988) (en banc) (explaining that despite the prisoner's subsequent

The U.S. Parole Commission ("USPC") charged Proctor with violations of two conditions of his parole: failure to submit to drug testing and failure to report to his supervision officer as directed.  *See* D.C. Probable Cause Hr'g Digest at 2, ECF No. 14-1.  It issued a warrant for Proctor's arrest, and he was taken into custody.  Pet. Exs. at 4, ECF No. 1-1 (U.S. Marshal's Return to USPC).

By the time USPC conducted Proctor's probable cause hearing, a third charge had arisen: a law violation relating to Proctor's second-degree murder conviction in Maryland for the murder of his father.  *See* U.S. Opp'n at 2; D.C. Probable Cause Hr'g Digest at 3.  The hearing examiner found no probable cause on the first two charges.  *See* D.C. Probable Cause Hr'g Digest at 2–3.  But Proctor nonetheless remained in custody pending a revocation hearing because probable cause was found on the far more serious law violation.[4]  *Id.* at 3.

USPC conducted Proctor's parole revocation hearing, where counsel represented him.  *See* U.S. Opp'n at 2; Revocation Hr'g Summ. at 1, ECF No. 14-2.  At the hearing, Proctor admitted his murder conviction.  Revocation Hr'g Summ. at 2.  The hearing examiner recommend revocation of Proctor's parole based on the Maryland conviction and that Proctor remain in custody until the expiration of his Superior Court sentences.  *Id.* at 4.  The Government represents that USPC adopted the hearing examiner's recommendation and revoked Proctor's

---

transfer, "habeas jurisdiction as a general matter continues to be in the district where the prisoner was incarcerated at the time the habeas petition was filed").

[4]  USPC need not have conducted a probable cause hearing on the law violation because the murder conviction itself established probable cause.  *See* 28 C.F.R. § 2.101(h) ("Conviction of any crime committed subsequent to release by a parolee shall constitute probable cause for the purposes of this section, and no probable cause hearing shall be conducted unless a hearing is needed to consider additional violation charges that may be determinative of the Commission's decision whether to revoke parole.").

parole. *See* U.S. Opp'n at 3. When the Government responded to the Court's show cause order, USPC had not yet issued its written decision. *See id.* & n.3.

When Proctor filed his habeas petition, he had been detained at D.C.'s Correctional Treatment Facility since execution of the arrest warrant. *See* Pet. at 1, 6. He challenges his detention because USPC "found no probable cause" on the two administrative violations—failure to submit to drug testing and failure to report to his supervision officer as directed. *Id.* at 2; *see also id.* at 6 (alleging that he "was found 'not guilty' of all alleged technical administrative violations"). Proctor argues that he should have been released from custody once the hearing examiner found no probable cause on the administrative violations. *Id.* at 6.

The Court may issue a writ of habeas corpus on a showing that a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Proctor has not made this showing. He proceeds as if there were no third violation—the law violation stemming from his conviction for second-degree murder. *See* D.C. Probable Cause Hr'g Digest at 3. USPC has since revoked Proctor's parole based on this conviction. *See* Revocation Hr'g Summ. at 4; U.S. Opp'n at 3. The Government has thus shown a valid reason for Proctor's continued detention.[5]

---

[5] Proctor's petition also notes that "the warrant that [he] was arrested on in May of 2020 . . . had been previously lifted on February 6, 2020." Pet. at 7. An attachment to Proctor's petition appears to be a warrant application, which has handwritten notations stating, "Warrant Lifted 02/06/2020" and "found Not Guilty on both charges." Pet. Exs. at 2. It is not clear to the Court who wrote these statements. But the Court is satisfied with the Government's explanation of when and why Proctor was detained.

Because he is lawfully in custody, Proctor's petition will be denied. A separate Order will issue.

Dated: March 31, 2021                                             TREVOR N. McFADDEN, U.S.D.J.